UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                                CRIMINAL ACTION NO. 5:19-cr-00227-1

OYONTIKEYTA V. JONES

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Oyontikeyta V. Jones' Pro Se Motion to Appoint Counsel for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821 [ECF 611], filed December 12, 2023.

**I.**

*A.     Motion for Reduction of Sentence*

On December 10, 2021, Mr. Jones was sentenced to 200 months imprisonment after pleading guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). His projected release is December 1, 2032.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points. It decreases them by one for individuals with seven or more criminal history points. It additionally eliminates status points for those with six or fewer criminal history points. Part B, subpart 1 creates a new §4C1.1 Guideline that provides a two-level decrease

for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1, both apply retroactively.

At sentencing, Mr. Jones was assessed four criminal history points. No additional status points were applied. A total of four criminal history points placed Mr. Jones in a Criminal History Category of III. Based on a total offense level of 37 and a Criminal History Category of III, Mr. Jones' guideline imprisonment range was 262 to 327 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Jones to 200 months, which was below his guideline range.

Critically, Mr. Jones was not assessed any criminal history points for "status," and he was not a zero-point offender. Given the retroactive application of Amendment 821, if sentenced today, Mr. Jones would still be placed in a Criminal History Category of III. Therefore, pursuant to U.S.S.G. § 1B1.10(a)(2)(B), Mr. Jones is ineligible for a sentence reduction under Amendment 821 inasmuch as the amendment does not have the effect of lowering his applicable guideline range.

Within the same Letter-Form Motion, Mr. Jones cites a case decided by the United States District Court for the Northern District of Illinois, Eastern Division — a case which exists, alongside a slew of other cases[1], within the aftermath of the United States Supreme Court's

---

[1] *See, e.g.*, *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023), *cert. granted, judgment vacated sub nom. Garland v. Range*, 144 S. Ct. 2706, 219 L. Ed. 2d 1313 (2024) ("Because the Government has not shown that our Republic has a longstanding history and tradition of depriving people like [Appellant] of their firearms, [18 U.S.C.] § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights."); *United States v. Williams*, 718 F. Supp. 3d 651, 683 (E.D. Mich. 2024) ("Accordingly, the government does not satisfy its burden under *Bruen* to justify § 922(g)(1) by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.") (quoting *Bruen*, 597 U.S. at 24, 142 S. Ct. 2111 at 2130) (cleaned up) (internal quotations omitted).

2

decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). [ECF 611 (citing *United States v. Prince*, 700 F. Supp. 3d 663, 676 (N.D. Ill. 2023) ("[T]his court is unable to uphold [18 U.S.C.] § 922(g)(1) as constitutional due to *Bruen's* instruction that the government must provide evidence of a historical analogue that is both comparably justified and comparably burdensome of the right to keep and bear arms.")]. Mr. Jones undoubtably asserts such case as a collateral attack on his conviction under 18 U.S.C § 922(g)(1). Such case was decided before the Supreme Court's decision in *Rahimi*, in which the Court opined, "[S]ome courts have misunderstood the methodology of our recent Second Amendment cases. These precedents were not meant to suggest a law trapped in amber." *United States v. Rahimi*, 602 U.S. 680, 691, 144 S. Ct. 1889, 1897, 219 L. Ed. 2d 351 (2024).

Notwithstanding the same, subsequent to *Bruen* and *Rahimi*, the United States Court of Appeals for the Fourth Circuit made clear "Section 922(g)(1) is facially constitutional . . . ." *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024); *see also United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) ("[W]e reject [Appellant]'s facial and as-applied Second Amendment challenges.") Further, our Court of Appeals dispelled any doubt as to whether certain offenders may challenge the statute on a case-by-case basis. *Hunt*, 123 F.4th at 708 ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).") (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024)). Therefore, Mr. Jones cannot sustain a collateral attack grounded in the Second Amendment on his conviction under 18 U.S.C. § 922(g)(1).

B. ***Motion for Appointment of Counsel***

Within the same Letter-Form Motion, Mr. Jones moves for an appointment of counsel to assist him in pursuing the abovementioned challenges to his sentence and conviction.

Generally, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756, 111 S. Ct. 2546, 2568, 115 L. Ed. 2d 640 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012)). "[I]n some exceptional cases due process does mandate the appointment of counsel for certain post-conviction proceedings in which fundamental fairness requires the assistance of a trained advocate." *United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005) (cleaned up) (internal citations and quotations omitted) (quoting *Legree*, 205 F.3d 724 at 730) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)). "A motion pursuant to § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (internal quotations omitted) (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)).

Mr. Jones is not entitled to a sentence reduction; he cannot mount a successful Second Amendment attack on 18 U.S.C. § 922(g)(1) as applied to him; and no special circumstances exist which trigger a corresponding due process right to counsel, here.

## II.

Accordingly, the Court **DENIES** Mr. Jones' Pro Se Motion to Appoint Counsel for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821 [**ECF 611**].

The Clerk is directed to transmit a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:     March 3, 2025



Frank W. Volk
Chief United States District Judge

4