**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA,

v.                                                              CRIMINAL ACTION NO.  5:19-cr-00227-1

OYONTIKEYTA V. JONES

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Oyontikeyta V. Jones' Pro Se Motion to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2) [ECF 621], filed May 19, 2025.

**I.**

On December 10, 2021, Mr. Jones was sentenced to 200 months imprisonment after pleading guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His projected release is January 11, 2033.

On December 12, 2023, Mr. Jones filed his first Pro Se Motion to Appoint Counsel for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 821. Therein, Mr. Jones asserted, *inter alia*, a sentence reduction was warranted under the Supreme Court's decisions in *Bruen* and *Rahimi*. [ECF 611 (citing *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *United States v. Rahimi*, 602 U.S. 680 (2024))]. On March 3, 2025, the Court denied the motion inasmuch as our Court of Appeals has made clear § 922(g)(1), is "facially constitutional" and does not warrant "felony-by felony litigation[.]" [ECF 617 at 3 (citing *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) and *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (quotations omitted))].

On May 19, 2025, Mr. Jones filed the instant Motion, again seeking a sentence modification under 18 U.S.C. § 3582(c)(2) [ECF 621]. Mr. Jones appears to assert the Court failed to adequately address his previous motion for a reduced sentence and reasserts his arguments regarding *Rahimi* and *Bruen*. [ECF 621]. Contrary to Mr. Jones' assertion, the Court thoroughly considered and rejected Mr. Jones' *Rahimi* and *Bruen* contentions in its March 3, 2025, Memorandum Opinion and Order and concluded he could not "sustain a collateral attack grounded in the Second Amendment on his conviction under 18 U.S.C. § 922(g)(1)." [ECF 617 at 3]. Inasmuch as the Court has already addressed the foregoing assertions, Mr. Jones' motion must be denied.

## II.

Accordingly, the Court **DENIES** Mr. Jones' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c) [**ECF 621**].

The Clerk is directed to transmit a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:  April 13, 2026

Frank W. Volk
Chief United States District Judge